UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

MUSALLI FACTORY FOR GOLD & JEWELLRY CO.,    :

                       Plaintiff,                :     Case No. 2:06-cv-0082 -(AKH)

                                            :

          -against-                    :

                                          :

NEW YORK FINANCIAL LLC and                :
AMIR F. BOKTOR,                               :

                       Defendants.       :

-------------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL

LAURO LAW FIRM
JOHN F. LAURO, ESQ. (NY Bar JFL-2635)
101 E. Kennedy Blvd., Suite 3100
Tampa, Florida 33602
P: 813 222 8990 / F: 813 222 8991

1540 Broadway, Suite 1604
New York, NY 10036
P: 646 746 8659 / F: 646 746 8653
E-mail: jlauro@laurolawfirm.com
*Attorney for Plaintiff MusalliFactory For
Gold & Jewellry Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MUSALLI FACTORY FOR GOLD & JEWELLRY CO.,   :

                          Plaintiff,          :      **Case No. 2:06-cv-0082-(AKH)**

                        -against-          :      **MEMORANDUM OF LAW**
                                             :      **IN SUPPORT OF PLAINTIFF'S**
                                             :      **MOTION TO COMPEL**

NEW YORK FINANCIAL LLC and        :
AMIR F. BOKTOR,                :

                        Defendants.    :

-------------------------------------------------------------------X

        Plaintiff, Musalli Factory For Gold & Jewellry Co. ("Musalli"), through its undersigned

counsel, the Lauro Law Firm, submits this memorandum of law in support of its motion to

compel the production of documents requested in subpoenas served on Defendants New York

Financial LLC and Amir F. Boktor ("defendants") and to compel their appearance at a

deposition. Musalli previously submitted an informal request for a conference pursuant to Local

Rule 37.2, which the Court denied as futile and recommended the filing of a formal motion.

## I.    **Preliminary Statement**

        Musalli sued defendants in this Court in January 2006, and at the request of defendants,

the parties were ordered to arbitration to resolve this matter. The case was arbitrated over six

days in October 2006 and June 2007. On July 2, 2008, a panel of the International Centre for

Dispute Resolution awarded Musalli relief totaling $6,854,901.70. On December 30, 2008, this

Court entered final judgment in favor of Musalli in that amount. Docket Entry 65 ("DE").

        Musalli has diligently sought to collect payment in satisfaction of the judgment. On

February 18, 2009, Musalli filed its Motion To Release Funds Held In Escrow (DE 68), which

the Court granted. DE 71. Those funds only partially satisfied the judgment, and over $6 million remains outstanding. In an effort to collect on its judgment, Musalli propounded post-judgment discovery on defendants. On July 2, 2009, Musalli served two Subpoenas Duces Tecum Ad Testificandum on counsel for defendants, Barry Slotnick. *See* Exhibits 1 & 2. The subpoenas commanded defendants to produce financial documents for inspection and copying and to appear for examination under oath on July 23, 2009. On July 6, 2009, we received correspondence from Mr. Slotnick stating that he no longer represented the defendants. In response, we sent Mr. Slotnick a letter advising that he and his firm had not withdrawn as counsel for the defendants and that we would expect defendants to appear at the deposition. Thereafter, Mr. Slotnick moved to withdraw as counsel of record, and the Court denied his motion on July 31, 2009. DE 76.

On July 21, 2009, we received a call from attorney Augustine Diji on the eve of the deposition, who purportedly represents Boktor, but has not filed a notice of appearance in this case. Mr. Diji advised that Boktor was in Egypt and would not appear for the deposition. Defendants failed to appear for the deposition scheduled for July 23, 2009, and they have failed to produce any documents responsive to the subpoenas. *See* Exhibit 3.

Although we have sought through numerous correspondences to secure post-judgment discovery without seeking the Court's intervention, those efforts have been futile. After the July 21 call, we provided Mr. Diji two weeks to consult with Boktor about how to respond to the subpoenas. After receiving no response, on August 17, 2009, we sent email correspondence in an effort to secure defendants' compliance with the subpoenas. *See* Exhibit 4. Mr. Diji responded the following day indicating Boktor was interested in a settlement, but was notably silent regarding document production. *See* Exhibit 5. On August 18, 2009, we reiterated that we

2

needed full and complete document production prior considering a settlement offer and extended the deadline for production until August 28, 2009. *See* Exhibit 6.

When this deadline passed without receiving any documents, we sent a final request for documents on September 4, 2009. *See* Exhibit 7. In this request, we stated our desire to obtain compliance without the Court's intervention, but noted that we would need to seek a court order if defendants fail to comply by September 14, 2009. Since this most recent correspondence, we have not heard from Mr. Diji, nor have we received any documents.

## II.    Legal Argument

Pursuant to Fed. R. Civ. P. 69(a)(2), Musalli may propound discovery requests to aid in the collection of its judgment. It is well settled that Musalli may engage in discovery to "find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond reach of execution." 12 Wright, Miller & Marcus, *Federal Practice & Procedure* § 3014 (2d ed. 2009). Further, Musalli may use the discovery devices of the Federal Rules to that end. *Id.*

Musalli served each defendant a subpoena pursuant to Fed. R. Civ. P. 45 and the Local Rules of this Court.    Notwithstanding the clear pronouncement of defendants' duties in responding to the subpoenas and notice that failure to fully respond would place defendants in jeopardy of contempt, defendants made no effort to comply. Fed. R. Civ. P. 45(d), (e). Further, defendants never objected, and as such any and all objections have been waived. Fed. R. Civ. P. 45(c)(2)(B) ("objection[s] must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"); *see One Beacon Ins. Co. v. Forman Int'l, Ltd.*, No. 04 Civ. 2271, 2006 WL 3771010, *7-8 (S.D.N.Y. Dec. 15, 2006). Thus, Musalli moves pursuant to Fed. R. Civ. P. 37(a) for an order compelling defendants to comply with the subpoenas.

3

**III.    Conclusion**

For the reasons stated above, Musalli respectfully requests that the Court enter an order compelling defendants to fully comply with the subpoenas propounded on July 2, 2009, by producing full and complete documentary responses and by appearing for a deposition. Further, Musalli respectfully requests that the Court enter award for the reasonable costs and attorneys fees incurred as a result of defendants' failure to appear at the deposition and for the instant motion. *See* Fed. R. Civ. P. 37(a).

Additionally, counsel for Musalli certifies that we have conferred with defendants' counsel in a good faith effort to resolve the issues raised in this motion but have been unable to reach a resolution.

Dated:      October 29, 2009
            New York, New York

Respectfully Submitted,

**LAURO LAW FIRM**

/s/John F. Lauro
John F. Lauro, Esq. (NY Bar JL-2635)
101 East Kennedy Boulevard
Bank of America Plaza- Suite 3100
Tampa, Florida 33602
P:  813 222 8990 / F:  813 222 8991

1540 Broadway, Suite 1604
New York, NY 10036
P: 646 746 8659 / F: 646 746 8653
E-mail: jlauro@laurolawfirm.com
*Attorneys for Musalli Factory For
Gold & Jewellry Co.*