UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
                                                                         :
MUSALLI FACTORY FOR GOLD & JEWELRY CO.,                                  :
                                                                         :  **ORDER GRANTING**
                                        Plaintiff,                       :  **PLAINTIFF'S MOTION FOR**
                                                                         :  **CIVIL CONTEMPT**
         -against-                                                       :
                                                                         :  06 Civ. 82 (AKH)
                                                                         :
NEW YORK FINANCIAL LLC and                                               :
AMIR F. BOKTOR,                                                          :
                                                                         :
                                        Defendants.                      :
                                                                         :
------------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Musalli Factory for Gold & Jewelry Co., a judgment creditor of Defendants New York Financial LLC and Amir F. Boktor, moves to hold Defendants in civil contempt for noncompliance with subpoenas and with a court order. For the reasons stated below, the motion is granted.

## I.    BACKGROUND

        Musalli is a gold and jewelry manufacturing company based in Saudi Arabia. It entered into a business deal with Mr. Boktor and his investment services company, New York Financial, in which New York Financial would invest $5 million with JPMorgan Chase & Co. on Musalli's behalf. Instead of investing the funds at JPMorgan, Defendants transferred the funds to Refco FX Associates, LLC, a currency trading firm that declared bankruptcy in 2005.

        Musalli filed a lawsuit against Mr. Boktor and New York Financial in January 2006, and filed an Amended Complaint in February 2006. Defendants moved to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for an order staying the

1

case pending arbitration.  In April 2006, I denied Defendants' motion to dismiss, but stayed the case pending arbitration, finding that the dispute between the parties was governed by arbitration provisions contained in executed documents between them.

The parties arbitrated the dispute before a panel of the International Centre for Dispute Resolution over six days in October 2006 and June 2007.  On December 19, 2007, the arbitral panel issued a partial final award, finding that Defendants violated their fiduciary duties.  The panel pierced the corporate veil between Mr. Boktor and New York Financial, and rejected all of Defendants' claims.  Over Defendants' objection, I confirmed the partial final award.

The final arbitral award was subsequently entered in Musalli's favor and, on October 7, 2008, I confirmed that award.  Final judgment for Plaintiff was then entered in the amount of $6,854,901.70, plus post-judgment interest.

Plaintiff has sought to collect payment in satisfaction of the judgment.  To that end, Plaintiff obtained an order releasing approximately $260,000 held in escrow and sent Defendants post-judgment discovery requests.  On July 2, 2009, Plaintiff served two *subpoenas duces tecum ad testificandum* on Defendants' counsel, Barry Slotnick of Buchanan Ingersoll & Rooney P.C.  The subpoenas demanded production of financial documents and Mr. Boktor's appearance at a deposition on July 23, 2009.  Shortly thereafter, Mr. Slotnick informed Plaintiff's counsel that he no longer represented defendants, despite that a motion to withdraw had not been filed with the Court.  Mr. Slotnick subsequently moved to withdraw based on Defendants' failure to pay their legal bills and counsel's inability to communicate with Defendants.  On March 26,

2010, over Plaintiff's objection, I granted defense counsel's motion to withdraw. Neither New York Financial nor Mr. Boktor has since engaged an attorney in this action.[1]

Two days before the scheduled deposition, Plaintiff's counsel received a call from Augustine Diji, an attorney who purportedly represented Mr. Boktor but had not entered an appearance in this case. Mr. Diji informed Plaintiff's counsel that Mr. Boktor was in Egypt and would not appear at the deposition. Following the July 21 call from Mr. Diji, Plaintiff's counsel gave Defendants an additional two weeks to comply with the subpoenas. On August 17, 2009, Plaintiff's counsel sent an email to Mr. Diji to discuss how the parties would proceed with post-judgment discovery. Mr. Diji responded that Mr. Boktor "lacked assets to satisfy the current judgment" but was "interested in working out a settlement" with Plaintiff. Plaintiff offered to forego a formal deposition if Mr. Boktor would participate in a teleconference, but emphasized the importance of obtaining documentary evidence of Defendants' financial position before settling the claim, and extended the deadline to produce documents until August 28, 2009. That deadline passed without any communication from Defendants, and Plaintiff sent another email to Mr. Diji, stating that it would seek a court order compelling compliance with the subpoenas if the documents were not produced by September 14, 2009. Defendants did not produce any documents and, on October 28, 2009, Plaintiff moved for an order to compel.

In a one-page order filed November 30, 2009, I granted Plaintiff's motion to compel compliance with the subpoenas and ordered Mr. Boktor to appear at a deposition on or before December 14, 2009. See Order Granting Plaintiff's Motion to Compel Compliance with

---

[1] As I explained in the March 26, 2010 order granting Mr. Slotnick's motion to withdraw, New York Financial is advised that a corporation, limited liability company, or a partnership cannot appear without counsel since only a lawyer, duly licensed, can represent another in judicial proceedings. Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22 (2d Cir. 1983). If, because substitute counsel is not appointed and the Defendant is unable to appear or present its position, relief may be granted without that Defendant.

Subpoenas, <u>Musalli Factory for Gold & Jewelry, Co. v. New York Financial LLC</u>, 06 Civ. 82 (AKH) (Doc. N0. 82) (S.D.N.Y. Nov. 30, 2009). Defendants did not oppose the motion, and did not comply with the order once issued. Plaintiff subsequently filed an order to show cause why Defendants should not be held in contempt for failing to comply with the order. Defendants did not oppose that application to the Court.

I ordered the parties to appear for a status conference to be held on April 30, 2010. Mr. Boktor failed to appear and instead sent correspondence to the Court. He indicated that he would produce several boxes of documents once he had the opportunity to consult with counsel, and attributed the delay in producing the documents and appearing for his deposition to his wife's health. As of the date of this order, Plaintiff's counsel has not received the documents that Mr. Boktor has mentioned.

Plaintiff subsequently filed the instant motion, which Mr. Boktor has opposed.

## II. DISCUSSION

### a. Defendants are in Contempt

"The Court's inherent power to hold a party in contempt reach[es] conduct before the court and beyond the court's confines and is a necessary function for purposes of managing and maintaining order in the efficient and expeditious administration of justice." <u>Cordius Trust v. Kummerfeld Assocs.</u>, 658 F. Supp. 2d 512, 515 (S.D.N.Y. 2009) (citations and quotations omitted); <u>see</u> Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."); Fed. R. Civ. P. 45(e) ("The . . . court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."). A party may be held in civil contempt for failure to comply with a court order if

4

"(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995).

Mr. Boktor has failed to comply with the subpoena to produce documents and to appear for a deposition. The document requests were clear and unambiguous, as was the demand that Mr. Boktor appear for a deposition on July 23, 2009. This Court's order compelling Defendants' compliance with the subpoena was also clear and unambiguous. The one-page order directed Defendants to "produc[e] all responsive documents to plaintiff's counsel" on or before December 14, 2009 and directed Mr. Boktor to appear for a deposition no later than December 14.

In opposition to the instant motion, Mr. Boktor submitted an "Answer for the Motion of Contempt and Arrest Warrant" and a declaration. Mr. Boktor claims that he has offered "sincere . . . cooperation" and alleges that Plaintiff's counsel "is a complete liar" and is "misleading the court." Mr. Boktor claims that Mr. Diji, who never entered an appearance in this case, possessed "the documents for over four months." Mr. Boktor claims that his wife has since taken the documents from Mr. Diji's office and will turn them over once an attorney reviews them. He also claims that, if this Court so orders, he will appear, provided he has enough time to arrange legal representation and fly to New York.

Despite Mr. Boktor's claim of "sincere . . . cooperation," the subpoena and this Court's order has been ignored. See King, 65 F.3d at 1058. Mr. Boktor's noncompliance is clear and unambiguous. The documents have not been produced and the deposition has not been taken. See id. Mr. Boktor claims that, if ordered to do so, he will appear at this Court's request. However, this Court has ordered Mr. Boktor's appearance twice in the last several months, and

5

Mr. Boktor has not complied. Neither has Mr. Boktor produced what he represents to be a substantial number of documents that are, presumably, responsive to Plaintiff's document request. I find that Mr. Boktor has not "diligently attempted to comply [with the subpoenas or the Court's November 30, 2009 order] in a reasonable manner." Id. Accordingly, I hold that Defendants are in contempt of court. Fed. R. Civ. P. 37(b)(2)(D) (a party who fails to comply with a discovery order may be issued "an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination"); Fed. R. Civ. P. 45(e) ("Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.")

### b. Sanctions

The imposition of civil contempt sanctions, which must be "remedial and compensatory, not punitive," is designed to secure future compliance with court orders. Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989); Sunbeam Corp. v. Golden Rule Appliance Co., 252 F.2d 467, 469 (2d Cir.1958). If a party is adjudged to be in civil contempt, the court must determine what sanctions are necessary to secure future compliance with its order and to compensate the complaining party for past noncompliance. See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004). The court has "broad discretion to design a remedy that will bring about compliance" with the court's orders. Perfect Fit Indus. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir. 1982).

"When imposing a coercive sanction, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial

resources and the consequent seriousness of the sanction's burden.  Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act."  Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, 97 Civ. 4759 (SHS), 2006 U.S. Dist. LEXIS 39256, at *8 (S.D.N.Y. June 13, 2006) (citations omitted).

I find that arrest is an appropriate coercive sanction for Mr. Boktor's contempt, and it will compel his compliance with the subpoenas and with this Court's orders.  Since it appears that Mr. Boktor is currently living in Egypt, it is unclear whether an arrest warrant will be effective in bringing about his compliance.  However, should Mr. Boktor enter this country, the United States Marshals Service is ordered to arrest him and arrange his appearance before me without unnecessary delay.

Mr. Boktor's contumacy has concealed his financial situation form Plaintiff and from this Court.  However, Mr. Boktor's contemptuous conduct will not shield him from civil sanctions designed to bring about his compliance with the law.  Accordingly, Mr. Boktor shall pay a fine, payable to the Clerk of the Court, of $1,000 for every day that he remains in contempt of court.  The daily fine may be adjusted after Mr. Boktor's financial situation is revealed.

### III.    CONCLUSION

Plaintiff has received judgment in its favor in excess of $6 million and has, as a result of Mr. Boktor's contumacy, recovered only a small fraction of that amount.  Mr. Boktor has, for months, flouted this Court's orders.  However, I will grant him one last opportunity to come into compliance with this Court's orders and with the subpoena.  If, by July 15, 2010, Mr. Boktor produces to Plaintiff's counsel all responsive documents and appears for a deposition, I will vacate this Order and no sanction will be imposed for Mr. Boktor's past contempt.

For the reasons stated, Plaintiff's motion is granted, subject to the conditions listed above.

The Clerk shall mark the motion (Doc. Nos. 83, 95) terminated.

SO ORDERED.

Dated:   June 14, 2010
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge